IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 13-cr-00286-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

BEN CHRISTOPHER WATTS, III,

    Defendant.
_____

# ORDER
_____

    This matter is before the Court on defendant Ben Watts' Writ of Error Coram Nobis and Writ of Audita Querela [Docket No. 49]. The government has filed a response opposing the motion. Docket No. 51.

    On September 12, 2013, Mr. Watts pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *See* Docket No. 28. The Court sentenced Mr. Watts to 70 months imprisonment and three years of supervised release. *See* Docket No. 47 at 1-3. On February 21, 2018, four years after sentencing, Mr. Watts filed the present Writ of Coram Nobis and Audita Querela. *See* Docket No. 49. He argues that his three-year term of supervised release violates his due process rights. *See id.* at 1.

    The Court finds that Mr. Watts may not bring either a Writ of Coram Nobis or Audita Querela. "[A] prisoner may not challenge a sentence or conviction for which he is currently in custody through a writ of coram nobis." *See United States v. Torres*, 282 F.3d 1241, 1245 (10th Cir. 2002) (citations omitted). Additionally, the writ of Audita

Querela is "not available to a petitioner when other remedies exist, such as a motion to vacate a sentence under 28 U.S.C. § 2255." *Id.* (citations omitted).  Although Mr. Watts was incarcerated at the time he filed his motion, he is currently on supervised release.  Supervised release is considered custody.  *See United States v. Estrada*, 580 F. App'x 672, 673 (10th Cir. 2014) (unpublished) ("[A] movant serving a term of supervised release remains 'in custody' for purposes of § 2255 and cannot file a coram nobis proceeding." (citation omitted)).  As a result, Mr. Watts may not seek relief through either of the writs requested.

"But even if [a] [d]efendant's incarceration on the challenged conviction is not an absolute bar to relief . . . he is not entitled to such relief unless relief under 28 U.S.C. § 2255 was unavailable or would have been inadequate." *United States v. Payne*, 644 F.3d 1111, 1112 (10th Cir. 2011); *see also id.* at 1112-13 (noting that "relief is only available if the petitioner no longer satisfies the custody requirement for seeking relief under" § 2255).  Mr. Watts makes no argument that relief under § 2255 is unavailable.  Nor could he.  That section is available for "[a] prisoner in custody under sentence of a court established by Act of Congress."  *See* 28 U.S.C. § 2255.  At the time of his motion, Mr. Watts was incarcerated and currently is on supervised release, making him "in custody" for purposes of § 2255.  *See Estrada*, 580 F. App'x at 673.  Moreover, the fact that a § 2255 motion may be time barred is not grounds for unavailability or inadequacy.  *See Payne*, 644 F.3d at 1113 ("It is irrelevant that a § 2255 motion would have been untimely by the time he filed his petition for a writ of *coram nobis*." (citations

2

omitted)). As a result, even if Mr. Watts' being in custody did not prevent him from seeking relief under either writ, the availability of a § 2255 claim would.[1]

Wherefore, it is

**ORDERED** that the motion for Writ of Error Coram Nobis and Writ of Audita Querela [Docket No. 49] is **DENIED**. It is further

**ORDERED** that defendant's Motion for Default Judgment [Docket No. 52] is **DENIED**.

DATED January 21, 2021.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge

---

[1] Mr. Watts also filed a Motion for Default Judgment [Docket No. 52], wherein he argues that, because the government failed to respond to his claims for relief under the writs, the Court should grant that motion. *See* Docket No. 52. However, the government did respond, *see* Docket No. 51, and, in any event, Mr. Watts does not explain how a lack of response from the government would entitle him to relief.